NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3138

DONALD J.A. KENNEDY,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

Petition for review of the Merit Systems Protection Board in
CH3443050393-A-1.

ON MOTION

Before PROST, Circuit Judge.

## O R D E R

The Department of the Air Force moves to dismiss Donald J.A. Kennedy's petition for review as untimely. Kennedy has not responded.

Kennedy filed a petition for remedial action alleging that the Air Force improperly charged him with military leave on days he was not scheduled to work in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). The Board dismissed Kennedy's claim for failure to state a claim upon which relief could be granted. Kennedy sought review in this court and we remanded with instructions to provide a hearing. After a hearing, Kennedy was awarded compensation for lost wages and benefits resulting from being forced to use two days of annual leave and the Air Force was directed to amend his leave records. Kennedy then filed a petition for attorney fees. On January 13, 2009, the administrative judge (AJ) determined that

Kennedy had achieved only a nominal degree of success on his USERRA claim and denied the petition for attorney fees. The AJ's decision indicated that the decision would become final on February 17, 2009. Kennedy filed a petition seeking review of the AJ's decision in this court on March 20, 2009.

Our review of a Board decision is governed by 5 U.S.C. § 7703(b)(1), which provides that "[n]otwithstanding any other provision of law, any petition for review must be filed within 60 days after the date the petitioner received notice of the final order or decision of the Board." In a case where the petitioner seeks review of an AJ's decision directly in this court, the 60-day time limit begins to run on the date when the AJ's decision becomes final. See Howell v. Merit Sys. Prot. Bd., 785 F.2d 282, 284 (Fed. Cir. 1986) (noting that when seeking review of an AJ's decision, "[i]f nothing is done to avoid finality, the period for judicial review begins running" from the date the AJ's decision becomes final).

In this case, Kennedy filed his petition for review on March 20, 31 days after the AJ's decision became final. Thus, the petition is timely.

Accordingly,

IT IS ORDERED THAT:

(1)     The motion is denied.

(2)     Kennedy's brief is due within 30 days of the date of filing of this order.

FOR THE COURT

AUG 14 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:     David F. D'Alessandris, Esq.
        Gregory T. Rinckey, Esq.
s17

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 14 2009

JAN HORBALY
CLERK

2009-3138                    2